67. Plaintiff repeats and incorporates the previous allegations by this reference.

68. Each of these Defendants' failure to provide adequate training, supervision, discipline and/or remedial action to their subordinates demonstrates deliberate indifference to Mr. Miranda's State and Federally protected rights.

69. Furthermore, each of these Defendants demonstrated deliberate indifference to Mr. Miranda's State and Federally protected rights by hiring, and thereafter retaining, incompetent and unqualified individuals.

70. As a direct and proximate result of Defendants' deliberate indifference, Mr. Miranda was denied his rights protected by the Constitutions of the United States and State of Utah.

71. As a result of Defendants' actions, Mr. Miranda suffered permanent debilitating injury, disfigurement, severe pain, suffering discomfort and emotional distress.

72. Plaintiff is thereby entitled to compensatory and punitive damage as well as his costs and attorney fees in accordance with 42 U.S.C. § 1988; and for any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

### SIXTH CAUSE OF ACTION
(Conspiracy To Deprive Plaintiff Of His Civil Rights)

73. Plaintiff repeats and incorporates the previous allegations by this reference.

74. The acts of these Defendants were done in agreement and in concert with one another all with an aim toward depriving Mr. Miranda of this constitutional rights secured by both the State and Federal Constitutions and for the purpose of hindering, impeding, obstructing,

defeating or otherwise depriving Mr. Miranda of the due course of justice all in violation of 42. U.S.C. §§ 1983 and 1985.

75. As a result of Defendants' actions, Mr. Miranda suffered permanent debilitating injury, disfigurement, severe pain, suffering discomfort and emotional distress.

76. Plaintiff is thereby entitled to compensatory and punitive damage as well as his costs and attorney fees in accordance with 42 U.S.C. § 1988; and for any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

### SEVENTH CAUSE OF ACTION
(Battery/Unlawful Use of Force)

77. Plaintiff repeats and incorporates the previous allegations by this reference.

78. Defendants acted, intending to cause harmful or offensive contact with the plaintiff, or imminent apprehension of such contact; and

79. As a result Plaintiff was thereby put in imminent apprehension of harm and contact; and

80. Plaintiff was, in fact, both harmed and contacted.

81. Defendants' placed Plaintiff, a post 9/11 Black Muslim, with Troy Kell, an inmate on death row for killing another inmate on account of his race.

82. Troy Kell did, in fact assault and cause grievous bodily injury to Plaintiff while Defendants' took no action whatsoever to prevent, intervene, mitigate, or inhibit the vicious assault on Plaintiff.

83. As a result of defendants' actions, Plaintiff suffered permanent debilitating injury, disfigurement, severe pain, suffering, discomfort and emotional distress.

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

84. Plaintiff repeats and incorporates the previous allegations by this reference.

85. Defendants Clinton Friel and / or Hank Galetka, R. Healey, D. Ray, Sgt. Thomas Barnes, Lt. Cook; and Capt. Labounty were at all times relevant times hereto prison officials and law enforcement officers of the United States and Utah State Government, empowered as agents to execute the law.

86. Defendants engaged in outrageous conduct.

87. Defendants intended to cause emotional distress or acted with reckless disregard of the probability of causing emotional distress.

88. Plaintiff suffered severe or extreme emotional distress which was proximately caused by the Defendants' outrageous conduct.

89. Defendants' acts or omissions were the result of willful and malicious conduct, or conduct that manifested a knowing and reckless indifference and disregard toward the rights of others.

90. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff suffered permanent debilitating injury, disfigurement, severe pain, suffering, discomfort and emotional distress.

## NINTH CAUSE OF ACTION
(Equal Protection / Due Process Violation)

91. Plaintiff repeats and incorporates the previous allegations by this reference.

92. Each of the Defendants made actions or omissions towards Plaintiff because of Plaintiff's race or religion with the intent to deprive Plaintiff of his rights to be free from bodily injury and cruel and unusual punishment.

93. The actions of the Defendants set forth above violated Mr. Miranda's rights secured by the fifth and Fourteenth Amendments to the United States Constitution not to be deprived of due process of law and not to be denied equal protection of the laws.

94. As a result of the Defendants' actions, Mr. Miranda suffered permanent debilitating injury, disfigurement, severe pain, suffering discomfort and emotional distress.

95. Plaintiff is thereby entitled to compensatory and punitive damage as well as his costs and attorney fees in accordance with 42 U.S.C. § 1988; and for any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

## TENTH CAUSE OF ACTION

(NEGLIGENCE)

96. Plaintiff repeats and incorporates the previous allegations by this reference.

97. Defendants had a duty to take reasonable care to prevent inmates from injuring other inmates, particularly when they had reasonable notice that such harm would occur.

98. Defendants breached their duty to Plaintiff by, among other things, opening Troy Kell's cell while Plaintiff was in the common area of Uinta 1, Section 7.

99. Defendants' breach proximately caused the injuries of Plaintiff by Troy Kell.

100. As a result of the Defendants' negligence, Mr. Miranda suffered permanent debilitating injury, disfigurement, severe pain, suffering discomfort and emotional distress.

101. Plaintiff is thereby entitled to compensatory damages as well as any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

## JURY DEMAND

Plaintiff hereby requests a jury on all claims and issues that may be tried before a jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the entry of judgment against Defendants jointly and severally both individually and in their official capacity for compensatory damages in an amount of at least One Million Dollars; for an award of punitive damages; for costs, expenses, and attorney fees for this action in accordance with 42 U.S.C. § 1988; and for any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

Respectfully submitted this December 15, 2003.

David S. Pace
Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT

15 DEC 03 PM 3:44

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

DAVID S. PACE (8252)
PACE & HUGHES, L.L.C.
50 SOUTH MAIN, SUITE 850
SALT LAKE CITY, UTAH 84144
TELEPHONE: (801) 355-9700
FACSIMILE: (801) 355-9705

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>STATE OF UTAH, UTAH STATE DEPARTMENT OF CORRECTIONS, CLINTON FRIEL, individually and in his official capacity; R. HEALEY individually and in his official capacity; D. RAY individually and in his official capacity; Sgt. THOMAS BARNES individually and in his official capacity; Lt. COOK individually and in his official capacity; and Capt. LABOUNTY individually and in his officially capacity, and JOHN DOES I-X.<br><br>　　　　　　　　　Defendants. | **COMPLAINT**<br><br>Judge Ted Stewart<br>DECK TYPE: Civil<br>DATE STAMP: 12/15/2003 @ 15:38:06<br>CASE NUMBER: 2:03CV01097 TS<br><br>JUDGE: |

COMES NOW Plaintiff, by and through his attorney, of record, David S. Pace and complains and alleges against the Defendants as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for compensatory and punitive damages brought pursuant to 42 U.S.C. § 1983 and § 1985 and Article I, Section 9 of the Utah Constitution to redress the deprivation under color of state law of rights, privileges and immunities guaranteed by the United States Constitutions and Federal Law. Plaintiff contends that while he was in the custody of the Utah State Prison the Defendants, both in their individual and official capacities, each demonstrated deliberate indifference toward the physical safety and well being of Mr. Miranda. Defendants' further acted with malice, ill will, or spite towards Mr. Miranda by conspiring with forethought and acting as facilitators and accomplices to the battery and attempted murder of Mr. Miranda. The Defendants' actions resulted in the of deprivation Plaintiff's rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Utah Constitution.

**JURISDICTION AND VENUE**

2. This is an action pursuant to 42 U.S.C. §§ 1983 and 1985 to redress the deprivation under color of state law the rights, privileges, and immunities guaranteed by the United States Constitution and Federal law. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case arises, in part, under the Constitution of the United States and under 42 U.S.C. § 1983.

3. The causes of action set forth in this Complaint arose within the District of Utah, therefore, venue is proper and vests with this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff, Jacques Miranda ("Mr. Miranda") is, and was at all times relevant to the following claims for relief, an adult citizen of the United States, State of Utah and, further, an inmate of the Utah State Prison ("Prison").

5. Defendant STATE OF UTAH maintains Defendant UTAH DEPARTMENT OF CORRECTIONS as a political subdivision, duly organized and existing under the Laws of the State of Utah and, pursuant to law, is capable of being sued in this Court. The Utah Department of Corrections maintains the Utah State Prison.

6. Defendant CLINTON FRIEL, individually and in official capacity, is and was at all times relevant to the allegations contained in this complaint Warden of the Utah State Prison. As warden, this Defendant was responsible for the policies, practices and customs of the Prison. This Defendant was also responsible for the hiring, training, control, supervision, and discipline of those persons employed by the Prison.

7. Defendants R. HEALEY; D. RAY; Sgt. THOMAS BARNES; Lt. COOK; and Capt. LABOUNTY were at all times relevant hereto officers or otherwise employed by the Prison.

8. Defendants DOES I - X are persons and entities named in both their individual and official capacities and who are yet undiscovered who acted individually or in concert with those named Defendants to deprive Mr. Miranda of those rights and privileges stated below.

## STATEMENT OF FACTS

9. Jacques Miranda was an inmate housed in Uinta 1, Section 7 on September 20, 2001.

10. Troy Kell was an inmate housed in Uinta 1, Section 7 on September 20, 2001.

11. Mr. Miranda is a practicing Muslim and is also black.

12. Following the terror attacks of 9/11/01, Mr. Miranda was targeted by the other inmates and the guards because of his religious beliefs.

13. The guards in the unit were upset with Miranda following the 9/11/01 terror attacks and relayed information to Troy Kell, a white supremacist, to attempt to incite Kell to violence towards Miranda.

14. Kell has been sentenced to death for previously stabbing another inmate, who was also black, to death while guards watched.

15. Jacques Miranda had previously notified the Department of Corrections, during an offender management review, that there was a "green light" out on him, that other inmates wanted to kill him.

16. On the evening of 9/20/01, the guards (Barnes and Ray) gave Troy Kell two drawings of caricatures of Osama bin Laden.

17. Kell showed these to several other inmates while he was on rec time, and Kell also showed them to Miranda, who didn't comment.

18. During the count, after Kell returned to his cell, an officer (Ray) asked Miranda if he could do any similar drawings, because he was an artist.

19. Miranda refused to comply with officer Ray's request because of his religious beliefs as a Muslim.

20. The officer asked Miranda to be patriotic, to which Miranda said that he didn't feel very patriotic being locked up, which seemed to upset the officer.

21. Shortly after that an officer in the "bubble" (Healey) told Miranda to put his shoes on for the remainder of his rec time.

22. On 9/20/01 at 8:30 p.m., Jacques Miranda was released from his cell for the remainder of his rec time.

23. In direct contradiction to every policy of Section 7, and specifically every policy in place with respect to Troy Kell, the corrections officers on duty, specifically officers R. Healey and D. Ray, opened Troy Kell's cell door while Miranda was in the common area.

24. No inmates in Section 7, and specifically Troy Kell, are ever supposed to have any direct physical contact with any other inmate.

25. Kell asked for his cell door to be opened while Miranda was in the common area.

26. Prior to opening Kell's cell door, Officer Healey said, "Okay, yeah, as long as you promise not to kill Miranda," and laughed.

27. Miranda heard that statement while he was at the phones, and he remembers another comment being made about shoes over the intercom.

28. The officers apparently wanted to make sure both Miranda and Kell had their shoes on.

30. Officer Healey then opened Kell's door, and Kell promptly exited his cell and attacked Miranda.

31. Miranda fought and ran from Kell through the cell block, waiting for a response team to enter and defuse the situation.

32. Miranda tried to keep himself away from Kell, expecting that an A-team would enter shooting, and he did not want to be shot with Kell.

33. No response team entered the section.

34. While Kell pursued Miranda, and while they fought, Kell continually referred to Miranda as a Muslim, as a rag-head, as someone wanting to blow things up—all relating to what had just upset the guards about Miranda.

35. Miranda ran into his cell and yelled for the guards to close his cell door, while he was inside his cell and Kell was outside.

36. Despite repeated requests for his door to be closed, the officers on duty did not close Miranda's cell.

37. Kell entered Miranda's cell, they struggled briefly, and Kell got Miranda into a chokehold.

38. Miranda lost consciousness while being beaten and returned to consciousness in the prison infirmary.

39. Troy Kell has stated in writing that the corrections officers wanted him to kill Miranda, that they created a situation to allow him to do so, and Kell chose not to kill Miranda.

40. As a result of Defendants' actions and the attack by Kell, Plaintiff suffered permanent debilitating injury, disfigurement, severe pain, suffering, discomfort and emotional distress.

41. Defendants' acts or omissions were the result of malice, ill will, or spite towards Plaintiff, as shown by taking specific actions intended to cause Miranda serious injury or death with no cause or valid law enforcement purpose, other than Miranda's race, Miranda's religion, or the Defendants' entertainment.

### FIRST CAUSE OF ACTION
(Cruel and Unusual Punishment)

44. Plaintiff repeats and incorporates the previous allegations by this reference.

45. Each of the Defendants demonstrated deliberate indifference to Mr. Miranda's right to be free from bodily injury and cruel and unusual punishment.

46. The actions of the Defendants set forth above violated Mr. Miranda's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution not be subjected to cruel and unusual punishment.

47. As a result of the Defendants' actions, Mr. Miranda suffered permanent debilitating injury, disfigurement, severe pain, suffering discomfort and emotional distress.

48. Plaintiff is thereby entitled to compensatory and punitive damage as well as his costs and attorney fees in accordance with 42 U.S.C. § 1988; and for any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
(Cruel and Unusual Punishment)

49. Plaintiff repeats and incorporates the previous allegations by this reference.

50. The Defendants' actions violated Mr. Miranda's rights secured by Article I, Section 9 of the Utah Constitution to be free from cruel and unusual punishment.

51. As a result of Defendants' actions, Mr. Miranda suffered permanent debilitating injury, disfigurement, severe pain, suffering discomfort and emotional distress.

52. Plaintiff is thereby entitled to compensatory and punitive damage as well as his costs and attorney fees in accordance with 42 U.S.C. § 1988; and for any other relief the Court finds just and proper under the circumstances in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
(Unnecessary Rigor)