IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br><br><br><br>vs.<br><br>STATE OF UTAH, UTAH STATE DEPARTMENT OF CORRECTIONS, CLINTON FRIEL, individually and in his official capacity; R. HEALEY individually and in his official capacity; D. RAY individually and in his official capcity; SGT. THOMAS BARNES individually and in his official capcity; LT. COOK individually and in his official capacity; and CAPT. LABOUNTY individually and in his official capacity, and JOHN DOES I-X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION OF DEFENDANTS STATE OF UTAH, UTAH STATE DEPARTMENT OF CORRECTIONS AND CLINTON FRIEL TO DISMISS CLAIMS AGAINST THEM, MOTION OF DEFENDANTS BARNES AND COOK TO DISMISS CLAIMS AGAINST THEM, AND MOTION OF DEFENDANTS HEALEY AND RAY TO DISMISS CLAIMS AGAINST THEM<br><br><br><br>Case No. 2:03-CV-1097 TS |

1

This matter comes before the Court on three Motions to Dismiss: Motion of Defendants State of Utah, Utah State Department of Corrections, and Friel to Dismiss Claims Against Them (Docket No. 24); Motion of Defendants Barnes and Cook to Dismiss Claims Against Them (Docket No. 30); and Motion of Defendants Healy and Ray to Dismiss Claims Against Them (Docket No. 32).  The Court held a hearing on these Motions on September 13, 2005.  At that hearing, the Court issued an oral ruling on these Motions and this Order reflects that ruling.

## I.  FACTUAL BACKGROUND

Plaintiff Miranda is an African-American Muslim who is incarcerated in the Utah State Prison.  In his Complaint, Plaintiff alleges that after the attacks of September 11, 2001, a number of individuals working at the prison mistreated him and were responsible for allowing another inmate at the prison to attack him.  Plaintiff alleges a number of injuries as a result of this attack.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on December 15, 2003.  The Court entered an Order which dismissed Plaintiff's Complaint without prejudice for failing to exhaust his administrative remedies (Docket No. 8).  On April 23, 2004, Plaintiff filed a Motion to set aside that Order.  The Court entered an order on November 3, 2004, in which the Court denied Plaintiff's request to set aside its April 9, 2004 Order, since that Order was entered without prejudice (Docket No. 11). On April 4, 2005, the Court entered an Order reconsidering its November 3, 2004 Order and vacating its April 9, 2004 Order and allowed Plaintiff to amend his Complaint.

Plaintiff's Amended Complaint sets forth ten causes of action: (1) cruel and unusual punishment under the Eighth Amendment to the United States Constitution; (2) cruel and

2

unusual punishment under the Utah Constitution; (3) unnecessary rigor under the Utah Constitution; (4) freedom from bodily injury under the Fourteenth Amendment to the United States Constitution; (5) inadequate training, supervision, discipline, remedial action, and hiring; (6) conspiracy to deprive Plaintiff of his civil rights; (7) battery/unlawful use of force; (8) intentional infliction of emotional distress; (9) Equal Protection/Due Process; and (10) negligence.

### III.  RULE 12(b)(6) STANDARD

The standard for considering a Fed. R. Civ. P. 12(b)(6) motion is as follows:

> [A]ll well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997) "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

*Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).

### IV.  DISCUSSION

A.  CLAIMS THE PARTIES AGREE SHOULD BE DISMISSED

There are certain claims that the parties agree should be dismissed at this point.

1.  CLAIMS BARRED BY THE ELEVENTH AMENDMENT

Defendants have argued that Defendants State of Utah, Utah State Department of Corrections, Friel, Barnes, Cook, Healey, and Ray, in their official capacities, are entitled to Eleventh Amendment immunity and therefore these claims should be dismissed.  Plaintiff agrees

and asks that the claims barred by the Eleventh Amendment be dismissed without prejudice, so that they may be pursued in state court.  As a result of the parties agreement on these matters, the Court will dismiss the claims against Defendants State of Utah, Utah State Department of Corrections, Friel, Barnes, Cook, Healey, and Ray, in their official capacities, without prejudice.

    2.  SECTION 1983 CLAIMS

Defendants argue, and Plaintiff again agrees, that Defendants State of Utah, Utah State Department of Corrections, Friel, Barnes, Cook, Healey, and Ray, in their official capacities, are not "persons" under Section 1983 and therefore cannot be sued under that Section.  Therefore, the Section 1983 claims against these Defendants will be dismissed with prejudice.

    3.  PUNITIVE DAMAGES

The final point that the parties agree upon is that the punitive damages claims against Defendants State of Utah and Utah State Department of Corrections are improper and should be dismissed.  Therefore, the Court will dismiss these claims.

B.  THE REMAINING CLAIMS

With the dismissal of the above claims, the Court is left to address the remaining claims against Defendants Friel, Barnes, Cook, Healey, and Ray, in their individual capacities.

    1.  PENDENT STATE LAW CLAIMS

Plaintiff has a number of claims which are based on state law (Plaintiff's seventh, eighth, and tenth causes of action).  Defendant argues that these claims should be dismissed because they are barred by the Utah Governmental Immunity Act ("UGIA" or "the Act").  Utah Code Ann. §§

63-30-1 *et seq*.[1]  Defendants allege that Plaintiff has failed to comply with the Act's provisions and that his claims are now barred by the Act's one-year statute of limitations.

The UGIA states that "no employee may be held personally liable . . . unless it is established that . . . the employee acted or failed to act due to fraud or malice." Utah Code Ann. § 63-30-4(4).  The Act also requires a plaintiff to file a Notice of Claim before suit may be brought.  The Utah Supreme Court has "held that suit may not be brought against the state or its subdivisions unless the requirements of the Governmental Immunity Act are strictly followed." *Hall v. Utah State Dept. Of Corrections*, 24 P.3d 958, 965 (Utah 2001).  One prerequisite is complying with the Act's Notice of Claim provision.  *Id*.  The Utah Court of Appeals has addressed a situation similar to the one before the Court.  *Stratley v. Halliday*, 997 P.2d 338 (Utah Ct. App. 2000).  In that case, the plaintiff had failed to include allegations of fraud or malice in his first Notice of Claim or in his original complaint.  *Id*. at 342.  The plaintiff later filed a second Notice and filed an amended Complaint alleging fraud and malice.  *Id*.  However, the court held that such actions were insufficient since they were not filed within the one-year statute of limitations period.  *Id*.  As a result, the second Notice of Claim failed to comply with the Act and the Plaintiff's actions were barred.  *Id*. at 342–43.  The Utah Supreme Court has stated that it agrees with the reasoning set forth in *Stratley*.  *Thomas v. Lewis*, 26 P.3d 217, 221 (Utah 2001).

---

[1] The UGIA was amended and renumbered in 2004 and is now known as the Governmental Immunity Act of Utah.  Utah Code Ann. §§ 63-20d-101 *et seq*.  However, the older provisions of the UGIA apply in this case.

Plaintiff's Notice of Claim states that "[b]ased on these facts [discussed earlier] Jacques Miranda intends to sue the State of Utah, the State Department of Corrections, and the individual corrections officers, including officers R. Healey, D. Ray, Sgt. Thomas Barnes, Lt. Cook, and Capt. Labounty for, among other things, negligence, gross negligence, intentional torts, and civil rights violations under both the United States and State Constitutions."  The Notice of Claim does not mention fraud or malice, nor does the Court find that the allegations contained in the Notice rise to the level of fraud or malice.  Additionally, the Notice of Claim completely fails to mention Defendant Friel.  As a result, the Notice is insufficient under current Utah case law.  For these reasons, Plaintiff's pendent state law claims will be dismissed with prejudice as to these Defendants because they fail to comply with the UGIA and are now barred by the Act's one-year statute of limitations.

2. CLAIMS BASED ON THE UTAH CONSTITUTION

Plaintiff has two remaining causes of action based on state law.  Plaintiff's second and third causes of action are based on Article I, Section 9 of the Utah Constitution.  Defendants argue that these claims should also be dismissed as a result of the UGIA.

The Utah Supreme Court addressed the application of the UGIA to the provisions of Article I, Section 9 in *Bott v. DeLand*.  922 P.2d 732 (Utah 1996) *abrogated by Spackman v. Bd. of Educ.*, 16 P.3d 533 (Utah 2000).  The court, in dealing with the "fraud or malice" requirement of the UGIA stated that "governmental immunity cannot apply where a claimant alleges that the state or a state employee violated his constitutional rights." *Id*. at 736.  For this reason, the court refused to apply the "fraud or malice" requirement of the UGIA to Bott's Article I, Section 9

6

claims. *Id*. at 737.  The Tenth Circuit, in an unpublished opinion, has stated that some of the UGIA's provisions may be applied to constitutional claims.  *Jensen v. Reeves*, 3 Fed.Appx. 905, 911, 2001 WL 113829 (10th Cir. 2001).  There, the court held that a plaintiff could be required to file a Notice of Claim before asserting a claim under the Utah Constitution.

Reading these cases together, the Court finds that some of the UGIA's provisions, particularly those provisions which are purely procedural, may be applied to Plaintiff's constitutional claims, but that the Act cannot be used to bar these claims completely.  As a result, the Court will not dismiss Plaintiff's second and third causes of action.

    3. FEDERAL LAW CLAIMS

Defendants Friel, Barnes, Cook, Healey, and Ray next allege that there is an insufficient link between them and Plaintiff's federal law claims—Plaintiff's first, fourth, and ninth causes of action.  "Courts 'have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Allison v. Utah County Corp.*, 2:03-CV-632 PGC (D. Utah Sept. 15, 2004) (quoting *Estate of Morris v. Dapolito*, 297 F.Supp. 2d 680, 688 (S.D.N.Y. 2004)).  Here, Defendants Friel, Barnes, Cook, Healey, and Ray are all named in the caption of the Complaint, they are included as parties in the Complaint, and the Complaint contains allegation against each Defendant, some with more detail than others.

The Court finds, however, that the Complaint only sufficiently links Defendants Healey and Ray to Plaintiff's federal law claims.  Both Healey and Ray are mentioned in the caption and

they are both mentioned in the "Parties" section of the Complaint. Further, there are numerous allegations against both Healey and Ray. Defendant Healey is alleged to have told Miranda to put his shoes on during the remainder of his recreation time, is alleged to have told Plaintiff's attacker that he would open his cell door if he promised not to kill Miranda, and he is alleged to have opened Plaintiff's attacker's door while Miranda was in the common room. As for Defendant Ray, it is alleged that he gave Plaintiff's attacker two drawings of caricatures of Osama bin Laden, he asked Miranda if he could do similar drawings, he asked Miranda to be patriotic, and he opened Plaintiff's attacker's cell door while Miranda was in the common area. These allegations are sufficient to link Defendant Healey and Ray to Plaintiff's federal law claims. Therefore, these claims will not be dismissed against Defendants Healey and Ray. However, the link between Plaintiff's federal law claims and Defendants Barnes, Cook, and Friel has not been established and these claims are dismissed against these Defendants.

    4.  FIFTH, FOURTEENTH, AND EIGHTH AMENDMENT CLAIMS

Defendant argues that Plaintiff's Fifth and Fourteenth Amendment Claims, Plaintiff's first, fourth and ninth causes of action, are subsumed by his Eighth Amendment claim. The Tenth Circuit, in *Berry v. City of Muskogee*, stated that "claims of excessive force against convicted prisoners should be analyzed under the Eighth and not the Fourteenth Amendment." 900 F.2d 1489, 1494 (10th Cir. 1990). The United States Supreme Court has stated that "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners . . . ." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Additionally, the Court has stated that "[a]ny protection that 'substantive due process' affords convicted prisoners against excessive

force is . . . at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

Plaintiff seeks to distinguish *Berry* by arguing that it dealt only with substantive due process and did not address the issue of Equal Protection, which is at issue in his ninth cause of action. This distinction seems appropriate. While a prisoner's Substantive Due Process claims may be properly addressed by the Eighth Amendment's protections against cruel and unusual punishment, the same cannot be said for Equal Protection claims. Plaintiff has claimed that he was treated differently because of his race and religion in violation under the Equal Protection Clause. These are claims that are substantially different from both the Substantive Due Process Clause and the Eighth Amendment. Therefore, Plaintiff's Equal Protection claims are not subsumed by his Eighth Amendment claims, but Plaintiff's Substantive Due Process claims are.

As a result, Plaintiff's first cause of action will not be dismissed, but it is limited to the Eighth Amendment claims. Plaintiff's fourth cause of action will be dismissed because it is subsumed by his Eighth Amendment claims. In Plaintiff's ninth cause of action, the Due Process elements will be dismissed because they are subsumed by the Eighth Amendment claims, but the Equal Protection elements of that claim remain.

5. PLAINTIFF'S FIFTH CAUSE OF ACTION

Plaintiff's fifth cause of action alleges that Defendants failed to provide adequate training, supervision, discipline, and/or remedial action. Further, the claim alleges that Defendants hired incompetent and unqualified individuals. Defendants argue that these allegations are insufficient to state an Eighth Amendment claim.

The Supreme Court has stated that "[a]fter incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety . . . ." *Whitley*, 457 U.S. at 319. Defendants argue that Plaintiff's fifth cause of action sounds in negligence and, as a result, is insufficient to state a claim under the Eighth Amendment. Plaintiff responds by stating that his Complaint does describe and allege deliberate indifference to his rights, which is sufficient to state an Eighth Amendment claim.

Here, Plaintiff's fifth cause of action merely seems to involve ordinary lack of due care. Because Plaintiff's fifth cause of action does no more than this, it are dismissed.

6. PLAINTIFF'S SIXTH CAUSE OF ACTION

Defendant argues that Plaintiff's conspiracy claim—Plaintiff's sixth cause of action—is insufficient and should be dismissed because it fails to state a claim. Defendant argues that Plaintiff has only set out conclusory allegations. Plaintiff, however, argues that when the allegations in the Complaint are combined, a conspiracy can be inferred. Plaintiff argues that he has set out sufficient facts and that his sixth cause of action does state a claim.

Allegations of a conspiracy may form the basis of a Section 1983 claim. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. 'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.'" *Id.* (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quotation omitted). Plaintiff's complaint states that

"[t]he acts of these Defendants were done in agreement and in concert with one another all with an aim toward depriving Mr. Miranda of this [sic] constitutional rights . . . ." *Complaint at* ¶ 74. While this is a conclusory statement, if considered along with Plaintiff's previous allegations—which Plaintiff repeats and incorporates—it appears that Plaintiff has presented sufficiently stated a conspiracy claim.

C.  CONCLUSION

Based on these statements, the Court finds that Plaintiff may proceed against the following Defendants on the following causes of action.  Plaintiff may pursue his second, third, and sixth causes of action against Defendants Friel, Barnes, Cook, Healey, and Ray in their individual capacities.  Additionally, with respect to Defendants Healey and Ray in their individual capacities, Plaintiff may pursue his first and ninth causes of action.  However, Plaintiff's first cause of action is limited to his Eighth Amendment claims and Plaintiff's ninth cause of action is limited to his Equal Protection Claims.

V.  CONCLUSION

Based on the forgoing, the Court, therefore, ORDERS the following:

Motion of Defendants State of Utah, Utah State Department of Corrections, and Friel to Dismiss Claims Against Them (Docket No. 24) is GRANTED, in part, and DENIED, in part.  It is further

ORDERED that Motion of Defendants Barnes and Cook to Dismiss Claims Against Them (Docket No. 30) is GRANTED, in part, and DENIED, in part.  It is further

ORDERED that Motion of Defendants Healy and Ray to Dismiss Claims Against Them (Docket No. 32) is GRANTED, in part, and DENIED, in part.

DATED   September 16, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge