IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA,<br><br>    Plaintiff,<br><br><br><br><br><br>    vs.<br><br><br>STATE OF UTAH, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO REVISE INTERLOCUTORY MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:03-CV-1097 TS |

This matter comes before the Court on Defendants'[1] Motion to Revise Interlocutory Memorandum Decision.  Having reviewed the file and the materials submitted by the parties the Court finds that oral argument on this Motion is unnecessary.  For the reasons stated below, the Court will deny the Motion.

I.  BACKGROUND

On September 16, 2005, the Court entered its Memorandum Decision and Order[2] granting in part and denying in part Defendants' Motions to Dismiss.  As part of that Order, the Court

---

[1]Defendants Clinton Friel, Sgt. Barnes, Lt. Cook, R. Healey and D. Ray (hereinafter "Defendants").

[2]Docket No. 51.

found that Plaintiff's failure to strictly comply with the notice provisions of the Utah Governmental Immunity Act ("UGIA")—particularly the UGIA's "fraud or malice" requirements—did not require dismissal of Plaintiff's claims based on the Utah constitution.[3] The Court made this ruling based on its reading of two cases: *Bott v. Deland*,[4] a case from the Utah Supreme Court, and *Jensen v. Reeves*,[5] an unpublished Tenth Circuit opinion.

In *Bott*, the Utah Supreme Court held that "governmental immunity cannot apply where a claimant alleges that the state or a state employee violated his constitutional rights."[6]  As a result, the court declined to apply the UGIA's "fraud or malice" requirement to Plaintiff's Article I, Section 9 claim.[7]  In *Jensen*, the Tenth Circuit, in an unpublished opinion, found that *Bott* did not stand for the broad proposition that none of the UGIA's provisions, even those which were purely procedural, could ever be applied to claims based on the Utah constitution.[8]  Rather, the Tenth Circuit found that the court in *Bott* "specifically recognized that the legislature could impose rules and regulations regarding remedies for constitutional violations, as long as those rules do not unreasonably impair the constitutional right at issue."[9]

---

[3]Plaintiff's second and third causes of action.  The Court did hold, however, that Plaintiff's failure to comply with the "fraud or malice" requirements mandated dismissal of Plaintiff's state law claims not based on the Utah constitution.

[4]922 P.2d 732 (Utah 1996).

[5]3 Fed.Appx. 905 (10th Cir. 2001).

[6]922 P.2d at 736.

[7]*Id*. at 737.

[8]3 Fed.Appx. at 911–12.

[9]*Id*. at 912 (citing *Bott*, 922 P.2d at 736).

Reading these two cases together, the Court, in its September 16, 2005 Order, found that "some of the UGIA's provisions, particularly those provisions which are purely procedural may be applied to Plaintiff's [state] constitutional claims, but that the Act cannot be used to bar these claims completely."[10]  Thus, the Court did not dismiss Plaintiff's second and third causes of action.  Defendants have now brought this Motion arguing that the Court's conclusion not to dismiss Plaintiff's second and third causes of action was clear error.

## II.  RULE 54(b) STANDARD

Rule 54(b) provides that an order, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties "is subjection to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[11]  "It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment."[12]

## III.  DISCUSSION

As noted above, the Court's decision not to dismiss Plaintiff's second and third causes of action rested on the Court's reading of *Bott* and *Jensen*.  In its Order, the Court noted that *Bott* had been abrogated by *Spackman v. Board of Education*,[13] but did not discuss that case. Defendants now argue that the Utah Supreme Court's decision in *Spackman* requires the Court to revise its September 16, 2005 Order and to dismiss Plaintiff's second and third causes of action.

---

[10]Docket No. 51, at 7.

[11]Fed.R.Civ.P. 54(b).

[12]*Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

[13]16 P.3d 533 (Utah 2000).

The Utah Supreme Court has held that Article I, Section 9 of the Utah Constitution is self-executing.[14]  In *Bott*, the court held "that self-executing constitutional provisions allow for awards of money damages."[15]  The court, however, did not articulate the source of the court's authority to provide damages, nor did it provide an analytical framework for determining when damages would be an appropriate remedy for a violation of a self-executing constitutional provision.[16]  The court remedied that situation in *Spackman*.

In *Spackman*, the court held that a "court's ability to award damages for violation of a self-executing constitutional provision rests on the common law."[17]  The court then established a three-part test to ensure that damage actions are permitted only under appropriate circumstances.[18]  First, Plaintiff must establish that he suffered a flagrant violation of his constitutional rights.[19]  Second, Plaintiff must establish that existing remedies do not redress his injuries.[20]  Third, Plaintiff must establish that equitable relief, such as an injunction, was and is wholly inadequate to protect his rights or redress his injuries.[21]

Defendants now argue, based on *Spackman*, that since Plaintiff's second and third causes of action are Utah constitution-based damages claims resting on the common law, that the

---

[14]*Bott*, 922 P.2d at 738.

[15]*Id*. at 739.

[16]*See Spackman*, 16 P.3d at 537.

[17]*Id*. at 538.

[18]*Id*.

[19]*Id*.

[20]*Id*.

[21]*Id*. at 539.

UGIA's provisions apply to those claims.  Defendants' arguments seem to conflate two separate and distinct issues.  The first issue is whether Plaintiff's failure to comply with the UGIA's "fraud or malice" requirements mandates dismissal.  The second issue is whether a plaintiff can bring a claim for money damages based on a constitutional violation against the state or its employees.  The Court, in its previous Order, ruled on this first issue, but has yet to rule on the second.

As to the first issue, the Court finds that the Court's previous ruling—that Plaintiff's failure to comply with the "fraud or malice" requirement of the UGIA did not require dismissal of his claims based on the state constitution—is correct and will not be reversed.  This ruling is consistent with *Bott* and the court in *Spackman* did not address this issue, and certainly did not overrule *Bott* on this ground.  As for the second issue—whether a plaintiff may maintain a damages action based on a violation of a self-executing provision of the Utah constitution—while the court in *Bott* held that such an action was allowed, the court did not expound on that.  The court in *Spackman* explained the authority for such an action and set up a framework for such actions.  This is not an issue that has been addressed by either party or the Court.  The Court believes that further briefing is required on this issue before the Court may rule on it.  Therefore, the Court will deny Defendants' Motion on the grounds presented in their Motion.  The Court, however, directs the parties to submit further briefing on the issue of whether Plaintiff may maintain a suit for damages under the three-part test set out in *Spackman*.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Revise Interlocutory Memorandum Decision (Docket No. 67) is DENIED.  It is further

ORDERED that the parties submit simultaneous supplemental briefs on the issue of whether Plaintiff may maintain a suit for damages under the three-part test set out in *Spackman* within fifteen (15) days.  It is further

ORDERED that the hearing set for May 17, 2006, at 2:00 p.m. is VACATED.

DATED   May 10, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge