IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER ON *SPACKMAN* ELEMENTS<br><br><br><br><br>Case No. 2:03-CV-1097 TS |

In the Court's Memorandum Decision and Order Denying Defendants' Motion to Revise Interlocutory Memorandum Decision,[1] the Court directed the parties to submit further briefing on the issue of whether Plaintiff may maintain a suit for damages under the three-part test set out in *Spackman v. Board of Education*.[2] For the reasons discussed below, the Court finds that Plaintiff has met the elements of the *Spackman* test.

I. DISCUSSION

In *Spackman*, the court held that a "court's ability to award damages for violation of a self-executing constitutional provision rests on the common law."[3] The court then established a

---

[1] Docket No. 85.

[2] 16 P.3d 533 (Utah 2000).

[3] *Id*. at 538.

1

three-part test to ensure that damage actions are permitted only under appropriate circumstances.[4] First, Plaintiff must establish that he suffered a flagrant violation of his constitutional rights.[5] Second, Plaintiff must establish that existing remedies do not redress his injuries.[6]  Third, Plaintiff must establish that equitable relief, such as an injunction, was and is wholly inadequate to protect his rights or redress his injuries.[7]

A.	FLAGRANT VIOLATION OF CONSTITUTIONAL RIGHTS

Plaintiff must establish that he suffered a flagrant violation of his constitutional rights.[8] "In essence this means that a defendant must have violated 'clearly established' constitutional rights 'of which a reasonable person would have known.'"[9]  "To be considered clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[10]  "The requirement that the unconstitutional conduct be 'flagrant' ensures that a government employee is allowed the ordinary 'human frailties of forgetfulness, distractibility, or misjudgment without rendering [him or her]self liable for a constitutional violation.'"[11]

---

[4]*Id*.

[5]*Id*.

[6]*Id*.

[7]*Id*. at 539.

[8]*Id*. at 538.

[9]*Id*. (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[10]*Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987)).

[11]*Id*. (quoting *Bott v. DeLand*, 922 P.2d 732, 739–40 (1996)).

Plaintiff has met this burden.  The Court finds that the detailed allegations contained in Plaintiff's Amended Complaint sufficiently allege a flagrant violation of his constitutional rights.  Therefore, Plaintiff has met this element.

B.     EXISTING REMEDIES DO NOT REDRESS PLAINTIFF'S INJURIES

Second, Plaintiff must establish that existing remedies do not redress his injuries.[12]  "This second requirement is meant to ensure that courts use their common law remedial power cautiously and in favor of existing remedies."[13]

The Court finds that existing remedies would not sufficiently redress Plaintiff's injuries.  Plaintiff's Amended Complaint specifically states that he has exhausted his administrative remedies and that he was advised by the Administrative Law Judge that there was no additional administrative review available and that he must seek judicial review.[14]  Thus, this case is distinguishable from *Intermountain Sports, Inc. v. Department of Transportation*,[15] where the Utah Court of Appeals held that Plaintiff had failed to exhaust its administrative remedies before filing suit.[16]  Therefore, Plaintiff has met this element.

---

[12]*Id*.

[13]*Id*. at 539.

[14]Docket No. 12, at 3.

[15]103 P.3d 716 (Utah Ct. App. 2000).

[16]*Id*. at 721.

C.    EQUITABLE RELIEF IS INADEQUATE

Third, Plaintiff must establish that equitable relief, such as an injunction, was and is wholly inadequate to protect Plaintiff's rights or redress his injuries.[17]  The court in *Bott* "recognize[d] that if prisoners' rights under article I, section 9 are violated, injunctive relief may not be adequate to remedy prisoners' injuries."[18]

The Court finds that equitable relief is inadequate to redress Plaintiff's injuries as alleged in his Amended Complaint.  Even if the Court were to grant injunctive relief, such relief would not sufficiently redress Plaintiff's alleged injuries.  Thus, this element has been met.

## II. CONCLUSION

The Court finds that Plaintiff has met the three-part test set out in *Spackman* and may maintain a suit for damages under Article I, section 9 of the Utah Constitution.

DATED   June 15, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17] *Spackman*, 16 P.3d at 539.

[18] 922 P.2d at 739.