IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA,<br><br>    Plaintiff,<br><br><br><br><br><br>    vs.<br><br><br><br>STATE OF UTAH, et al,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS FOR WRITS OF HABEAS CORPUS AD TESTIFICANDUM AND GRANTING DEFENDANT'S MOTION IN LIMINE TO ALLOW VIDEO-CONFERENCED TESTIMONY OF ONE WITNESS<br><br><br><br><br><br>Case No. 2:03-CV-1097 TS |

    Plaintiff moves for issuance of writs of habeas corpus ad testificandum for two witnesses who are currently incarcerated at the Utah State Prison.  Defendant moves to have the two witnesses testify by video-conference.  Pursuant to the Court's Order of February 23, 2009,[1] the bases for the Motion regarding video-conferencing are filed under seal.  Those bases generally involve security and costs.

---

[1]Docket No. 163, Order Granting Motion to Seal.

1

Due to the time constraints resulting from Plaintiff's inadvertent failure to file his Motions seeking the writs until February 23, 2009, a hearing was held today to address the Motions and to allow the parties to make their respective responses of record.  At the hearing, Counsel made additional representations of facts regarding the Motions.  Included in those representations is that the State of Utah has issued a declaration that it has officially declined to prosecute Kell in connection with the incident at issue in this case.   In conjunction with the hearing, the Court and counsel participated in a live demonstration of the video-conferencing system between the courtroom and the Prison.

The facts in the sealed Declarations in support of having the witnesses appear by video-conference are not disputed.  The additional  facts proffered at the hearing are not disputed.  Instead, Plaintiff argues that these two witnesses are essential to the presentation of his case and that the poor quality of the video renders presentation of their testimony by video-conferencing as an unworkable alternative.   Plaintiff argues that, given the manner in which witness Kell responded at his deposition, the interest of justice requires his live presence so that counsel may directly communicate and interact with the witness and the jury may observe his demeanor.

While not directly on point, because it involves a prisoner/party rather than a prisoner/witness, the Court finds the factors set forth in the case cited by Defendant, *Edwards v. Logan*,[2] to be instructive on the issue of whether the witness' live presence is required:

> (1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.

---

[2]38 F. Supp. 2d 463 (W.D. Va. 1999).

(2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.

(3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim.[3]

In the present case, the Court will address witness Kell first.  The Court finds that Kell is an important witness, but the significance of presenting a witness in person is not comparable to the significance of the presence of a party.[4]  Plaintiff still has the opportunity to present his own live testimony and the live testimony of other witnesses.

The video-conferencing procedure, while it has its limitations, is an acceptable alternative on the limited facts of this case.  In making this finding the Court is relying on Defendant's counsel's representation that the quality of video, which was disappointing in the demonstration, can be made to work effectively and nearly flawlessly.  Defendant shall bear the expense of making sure the video system works as well as counsel represents it can.  To the extent that Defendant objects to incurring additional costs, if any, necessary to make the video-conferencing as effective as possible, Defendant shall immediately inform the Court.

There is no likelihood that witness Kell will be released, so a stay pending his release is not a consideration.   Based upon the materials submitted by Defendant under seal, and the representations of Defendant's counsel at the hearing, the Court finds that security concerns simply

---

[3]*Id.* at 467 (quoting *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 113 (4th Cir. 1988).

[4]*Id*. (noting that it may be particularly detrimental to have a party participate by video conferencing "since personal impression may be a crucial factor in persuasion").

make it unfeasible for Kell to testify in person.  These security concerns outweigh the potential

benefits to Plaintiff in having Kell testify in person.  In making this determination, the Court does

not find the costs of transport to be dispositive because this is a civil case and Plaintiff has

represented that he is willing to pay the costs up-front as required by the Prison.[5]

However, in making its determination, the Court also finds that Kell is a key witness for

Plaintiff's case in chief.  The Court finds persuasive Plaintiff's argument that the same reasons

proffered by Defendant for not having this witness testify in person are also directly relevant to

Plaintiff's theory of the case.  Therefore, in fairness to the Plaintiff and to alleviate the unavoidable

disadvantage of having his key witness testify only by video-conferencing, the Court will allow

reasonable comment on why this witness is not testifying in person. Such comment may include

opening and closing arguments and questioning of witnesses, subject to specific objection under the

Federal Rules of Evidence.

The Court has considered all of the same factors regarding witness Wycherly.  The Court

finds that it is feasible to have Wycherly testify in person and so rules.  It is therefore

ORDERED that Defendant's Motion in Limine to Allow the Video-Conferenced Testimony

of Witnesses Kell and Wycherly (Docket No. 164) is GRANTED as to witness Kell and DENIED

as to witness Wycherly.  It is further

ORDERED that Plaintiff's Motion for a Writ of Habeas Corpus ad testificandum (Docket

No. 157) is GRANTED IN LIMITED PART and a writ and/or subpoena shall issue only for the

---

[5]Plaintiff reserves the right to seek to recover such costs in the event that he prevails at trial.

purpose of having witness Kell brought to the place within the Prison that is designated for video

conferencing for the purpose of giving his evidence on the dates  and times as specified by Plaintiff.

Counsel shall cooperate in making these arrangements.  It is further

      ORDERED that Plaintiff's Motion for a Writ of Habeas Corpus ad testificandum (Docket

No. 158) is GRANTED as to witness Wycherly.

      DATED   February 24, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge