IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HEALEY'S MOTION IN LIMINE TO EXCLUDE ALL VIDEO RECORDINGS OF TROY KELL/LONNIE BLACKMON INCIDENT<br><br><br><br>Case No. 2:03-CV-1097 TS |

Plaintiff indicates that he intends to introduce three different video recordings featuring footage of Troy Kell murdering fellow inmate Lonnie Blackmon at the Central Utah Correction Facility ("CUCF") in Gunnison, Utah. The first video recording is from the CUCF security cameras. The second video is from a Home Box Office ("HBO") program entitled "Gladiator Days." The third video is a Utah Department of Corrections ("DOC") training video.[1]

---

[1] It is unclear to the Court whether the DOC training video even exists. According to Plaintiff's Memorandum in Opposition, it appears that the training video was destroyed and that the DOC now uses the HBO program "Gladiator Days" in its training.

1

Defendant moves to exclude each of these recordings.  Defendant argues that the video recordings are largely irrelevant and any relevance that they have is outweighed by the potential prejudice to the jury.  Further, Defendant argues that "Gladiator Days" and the DOC training video constitute inadmissible hearsay.  Plaintiff opposes the Motion, arguing that the recordings are relevant and that their relevance is not substantially outweighed by the danger of unfair prejudice.  Plaintiff further argues that "Gladiator Days" and the DOC training video are not hearsay as they are not being submitted for the truth of the matter asserted.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2]  While relevant evidence is generally admissible,[3] Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Defendant agrees that the video recordings are relevant to show that Kell is dangerous.  Defendant goes on to argue, however, that this fact is not in dispute and that it will be established without the video recordings.  Therefore, Defendant asserts, any relevance is limited.

The video recordings do more than just show that Kell is dangerous.  In order to prevail on his claim, Plaintiff "'must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately

---

[2] Fed.R.Evid. 401.

[3] Fed.R.Evid. 402.

indifferent to his safety, the subjective component.'"[4] "The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"[5]

    These video recordings go directly to whether Defendant Healey was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and whether Defendant Healey drew that inference. This is a key element which Plaintiff must prove. As Plaintiff points out, evidence has been presented that Defendant Healey, and others, were shown a video recording of the Kell/Blackmon incident as part of their training. Based on this, the Court finds that the recordings are relevant.

    The next question is whether the probative value of these recordings is substantially outweighed by the danger of unfair prejudice. "As has been stated many times, Rule 403 does not protect a party from all prejudice, only unfair prejudice."[6]

    The Court finds that while there may be some prejudice, the danger of that prejudice does not *substantially* outweigh the probative value of the recordings. However, the Court finds that there is no need to show all three recordings. Showing all of the recordings increases the likelihood of prejudicing the jury and would result in needless presentation of cumulative evidence. Therefore, the Court will allow the admission only of the recording made from the security cameras at the CUCF. The Court will not allow Plaintiff to show portions of "Gladiator

---

[4]*Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001)).

[5]*Id*. (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

[6]*Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000).

Days" or the DOC training video.  As a result of this ruling, the Court need not determine Defendant's objection to those two recordings on hearsay grounds.

It is therefore

ORDERED that Defendant Healey's Motion in Limine to Exclude all Video Recordings of Troy Kell/Lonnie Blackmon Incident (Docket No. 165) is GRANTED IN PART AND DENIED IN PART.

DATED   February 26, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge