IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACQUES DUPREE MIRANDA, <br><br> Plaintiff, <br><br><br> vs. <br><br> STATE OF UTAH, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES <br><br><br><br> Case No. 2:03-CV-1097 TS |

This matter is before the Court on Plaintiff's Motion for Attorney Fees.  For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I.  BACKGROUND

The matter came before the Court for a jury trial.  The jury found in favor of Plaintiff, finding that Defendant Healey had violated his rights under the Eighth Amendment and the Utah Constitution right to be free from cruel and unusual punishment.  The jury awarded Plaintiff $25,000.00.  Defendant now moves for attorney's fees pursuant to 42 U.S.C. § 1988, as modified by 42 U.S.C. § 1997e.

## II.  DISCUSSION

It is important to note at the outset where the parties' disagreement lies.  The parties agree that Plaintiff is a prevailing party under § 1988 and is, therefore, entitled to attorney's fees.  The parties further agree that Plaintiff's attorney's fees are limited by the Prison Litigation Reform Act to 150% of the money judgment.[1]  As Plaintiff was awarded $25,000.00, his attorney's fees are capped at $37,500.00.  The parties' disagreement is with the fee shifting provision of 42 U.S.C. § 1997e(d)(2).

The fee shifting provision of 42 U.S.C. § 1997e(d)(2) states: "Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant."  Defendant argues that this language mandates that 25% of the money judgment be applied to satisfy the amount of the attorney's fees.  Plaintiff agrees that some portion of his award must be allocated to his attorney's fees, but disagrees with Defendant as to the proper percentage.

The Supreme Court and the Tenth Circuit have not directly addressed this issue.  Those courts that have addressed the issue have come to differing conclusions.[2]  Though some courts have held that the district court must automatically apply 25 percent of a plaintiff's monetary judgment to pay attorney's fees, "[t]he majority of courts that have directly addressed this issue

---

[1]*See* 42 U.S.C. § 1997e(d)(2) ("If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant."); *Robbins v. Chronister*, 435 F.3d 1238, 1240 (10th Cir. 2006) ("The statutory language [of 42 U.S.C. § 1997e(d)] may be inartful, but appellate courts have consistently interpreted the statute to limit a defendant's liability for attorney fees to 150% of the money judgment.")

[2]*Boesing v. Spiess*, 540 F.3d 886, 891-92 (8th Cir. 2008) (collecting cases).

2

have held that the plain language of section 1997e(d)(2) does not require district courts to automatically apply 25 percent of the judgment to pay attorney's fees."[3]

Having reviewed the case law, the Court finds that the better reasoned conclusion is that the Court need not automatically apply 25 percent of a plaintiff's monetary judgment to pay attorney's fees.  Rather, the Court finds, based on the plain language of the statute and the case law, that it has the discretion to apply a lower percentage.  While the Court "must apply some percentage of the judgment to pay attorney's fees,"[4] § 1997e(d)(2) "clearly imposes a maximum, not a mandatory, percentage."[5]  Here, the Court finds that the appropriate amount of the money judgment to be applied to attorney's fees is 10% or $2,500.00  This amount appropriately balances the fact that Plaintiff prevailed on his Cruel and Unusual Punishment claims against Defendant and the intent of § 1997e(d)(2) to hold Plaintiff responsible for some portion of the attorney's fees awarded.  The Court will, therefore, order Defendant to pay the remaining $35,000.00 in attorney's fees.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees (Docket No. 224) is GRANTED. Defendant is ordered to pay attorney's fees in the amount of $35,000.00.

---

[3] *Id*. at 891.

[4] *Id*. at 892.

[5] *Id*.

DATED   May 11, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge